UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CORTRENAYE CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:23-cv-00061-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| CABINET FOR HEALTH AND FAMILY | ) | **MEMORANDUM OPINION** |
| SERVICES, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Cortrenaye Chandler is a resident of Shelbyville, Kentucky.  Chandler has filed a *pro se* complaint.  [R. 1]  The Court has granted her motion to proceed *in forma pauperis* by separate Order.  The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In her complaint, Chandler alleges that during a hearing held in December 2022, an administrative hearing officer of the Cabinet for Health and Family Services ("CHFS") repeatedly interrupted her and did not, as promised, provide her with the opportunity to ask questions or to explain her position.  Chandler states that following the hearing and a subsequent appeal, CHFS found her in violation of "SNAP 921 KAR 3:010(25)" and she was disqualified.[1]

---

[1] The state regulation merely defines an "intentional program violation" by reference to 7 C.F.R. § 273.16(c), which in turn delegates to the States the exclusive responsibility to investigate violations of federal benefit programs, including the Supplemental Nutrition Assistance and Food Distribution Program ("SNAP"), codified at 7 U.S.C. §§ 2011-2036d.

[R. 1-1 at 1-2] Chandler names CHFS as the sole defendant. She invokes federal question jurisdiction to entertain her claims that CHFS violated "the right to appeal, 921 Ky. Admin. Regs. 3:070; 18 U.S.C. §§ 1001-1026 (1994); Clean Hands Doctrine." [R. 1 at 3 (cleaned up)] Chandler seeks monetary damages and "expungement of these allegations from her record." [R. 1 at 4]

The Court will dismiss the complaint upon initial review. The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). CHFS is an agency of the Commonwealth of Kentucky and constitutes an "arm of the state" for Eleventh Amendment purposes, rendering it unamenable to suit in this Court. *See Hatfield v. Cabinet for Health & Family Servs.*, No. 5:13-CV-222-KKC, 2014 WL 1246354, at *2 (E.D. Ky. Mar. 25, 2014) ("It is well-established that CHFS is an 'arm of the state' for Eleventh Amendment purposes ...."); *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (same).

In any event, Chandler does not state any viable federal claim. Chandler notes her "right to appeal" under the Kentucky Administrative Regulations, but that is a matter of state rather than federal law. Further, Chandler alleges that she did appeal, albeit without success, so the claim appears to fail upon its own terms. Chandler also refers to "18 U.S.C. §§ 1001-1026" in blanket fashion, but those provisions set forth various federal criminal laws, matters that she lacks standing to assert. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004). Finally, Chandler refers to the clean hands

doctrine, but the doctrine is purely a defense to a request for equitable relief, not an affirmative claim for legal redress. *Cf. Cyber Sols. Int'l, LLC v. Pro Mktg. Sales, Inc.*, 634 F. App'x 557, 567 (6th Cir. 2016) ("The unclean hands doctrine allows a court to deny equitable relief when "the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party."). Chandler has therefore failed to establish subject matter jurisdiction over her claims.

Accordingly, it is **ORDERED** as follows:

1.      Chandler's complaint [R. 1] is **DISMISSED**.

2.      This matter is **STRICKEN** from the active docket.

This the 12th day of December, 2023.

Gregory F. Van Tatenhove
United States District Judge